## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CLAYTON SCOTT CROWDER,    )
           )
           **Petitioner,**    )
           )
      **vs.**    )    **Case No. CIV-10-550-D**
           )
JUSTIN JONES,[1]    )
           )
           **Respondent.**    )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a response to the Amended Petition and filed the relevant state court Preliminary Hearing (Prelim. Hr'g Tr.) and Trial Transcripts (T. Tr.) and the Original Record (O.R.). Petitioner has filed a Reply, and the matter is at issue. For the following reasons, it is recommended that the Amended Petition be denied.

## Procedural History

Petitioner was convicted of unlawful possession of a controlled drug with intent to distribute (Count I) and possession of a firearm during commission of a felony (Count II), in the District Court of Stephens County, Case No. CF-2007-174. *See* O.R., pp. 103-104. Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals (OCCA)

---

[1]Justin Jones is Petitioner's custodian, and the proper Respondent. He has been substituted for David Miller and the Attorney General of the State of Oklahoma.

affirmed.  *See* Response, Ex. 3.  Thereafter, the state court denied Petitioner's application for post-conviction relief, and the OCCA again affirmed.  *See id.*, Ex. 4.

## Petitioner's Claims

In his Amended Petition, Petitioner raises seven grounds for habeas relief.[2]  In Ground One, Petitioner alleges that his constitutional rights were violated when the trial court failed to sustain a motion to suppress the evidence.  Amended Petition, p. 6.[3]  In Ground Two, Petitioner alleges that a conflict of interest denied him effective representation at preliminary hearing.  *Id.*, p. 8.  Petitioner alleges in Ground Three that there is insufficient evidence to support the conviction in Count II.  *Id.*, p. 9.  In Ground Four, Petitioner alleges ineffective assistance of appellate counsel based on an "actual conflict" and failure to raise claims of ineffective assistance of trial counsel.  *Id.*, p. 11.  In his final three claims, Petitioner alleges ineffective assistance of trial counsel based on the attorney's alleged failure to:  (1) investigate the "facts" and the admissibility of the prior convictions (Ground Five); (2) move to suppress the evidence (Ground Six); and (3) object to the trial court's lack of instruction

---

[2]In his Reply, Petitioner attempts to raise an eighth claim involving the alleged discrepancy between his sentence and the sentence of his co-defendant.  *See* Reply, pp. 1-2.  This claim was not raised in the Amended Petition and is not considered herein.  *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("we [do not] consider arguments raised for the first time in a reply brief"); *Burdick v. Klinger*, No. 98-6425, 1999 WL 495634, at *1 (10th Cir. July 14, 1999) (unpublished op.) (declining to consider state habeas petitioner's equal protection claim, which was raised for the first time in his reply to the state's response in the district court).

[3]Reference herein to the page numbers of the Amended Petition reflect the Court's Electronic Case Filing (ECF) pagination.

concerning procedures to safeguard the jurors' notes during court recesses. *Id.*, pp. 13-17.[4]

## The Facts as Established at the Jury Trial

Stephens County Deputy Sheriff Casey Miller stopped Petitioner and his two companions for traveling 51 m.p.h. in a 45 m.p.h. zone. *See* T. Tr., pp. 137-39, 159. Petitioner, the driver, was placed in Officer Miller's patrol car and was issued a warning citation. *See id.*, pp. 139, 159. According to Officer Miller, Petitioner appeared "very nervous," and based on that nervousness the officer decided to speak with the two other individuals in the vehicle. *Id.*, pp. 139, 159. While speaking with these men, Officer Miller detected the smell of alcohol and noticed what appeared to be an open bottle of beer. *See id.*, p. 140. Both individuals admitted to having "opened containers," and were asked to step out of the car. *Id.*, pp. 140-41. When they complied, Officer Miller noticed "a strong odor of marijuana." *Id.*, pp. 141-42. After a search of the vehicle, Officer Miller discovered a loaded "Browning .380 pistol" directly behind the passenger seat, two "Ziploc bags" of marijuana behind Petitioner's seat, a set of "digital scales," "rolling papers," a marijuana pipe, and a metal can containing $4600.00 in cash. *Id.*, pp. 142-43, 144-45.

Petitioner signed a *Miranda* waiver and agreed to speak with Stephens County Deputy Sheriff Rodney Richards. *See id.*, pp. 174, 179-181. Petitioner informed Officer Richards that he had been "bringing the marijuana from Texas to Duncan to a relative" and that he

---

[4]Petitioner states that he would "adopt and reiterate in full his direct appeal" and "post-conviction appeal." Amended Petition, p. 39. The undersigned notes that Petitioner's arguments in his federal habeas petition are substantively the same as those raised in the state courts. *Compare* Amended Petition, pp. 6-9, *with* Response, Ex. 1, pp. 7-15, *and* O.R., pp. 1-38.

"intended to sell it." *Id.*, p. 181. Petitioner explained that he had purchased the marijuana for $500.00 and was hoping to get $750.00 "or around that amount" for it. *Id.* Petitioner said that the pistol belonged to one of his companions and that "they had brought the firearm for protection." *Id.*, p. 182.

## Standard Governing Habeas Review

When the OCCA denies a claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the standard. Under the AEDPA, habeas relief may be granted only if the OCCA's adjudication of the merits of a federal claim has resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). Under this standard, judicial review is directed to the result of the OCCA's decision, not its reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the OCCA's decision unless we conclude that its result - not its rationale - is 'legally or factually unreasonable.'") (citing *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)).

A decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). A decision involves an "unreasonable application" of federal law if "the state court identifies

the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "AEDPA's conception of objective unreasonableness lies 'somewhere between clearly erroneous and unreasonable to all reasonable jurists.'" *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006)). Thus, the AEDPA imposes "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, __U.S.__, 131 S.Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted). The AEDPA further mandates that factual findings made by a state trial or appellate court are presumed correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When the OCCA has not addressed a claim on the merits, this Court may exercise its independent judgment. *See, e.g., Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002).

## Analysis

## I. Ground One - The Trial Court's Failure to Suppress the Evidence

In Ground One, Petitioner contends that he was denied his constitutional rights when the trial court failed to sustain a motion to suppress the evidence. Amended Petition, p. 6. According to Petitioner, there was "insufficient evidence" that he had actually been speeding, and Officer Miller impermissible detained Petitioner after he had already issued a citation. *Id.*

Respondent asserts that Petitioner's claim was fully and fairly litigated in state court

and is therefore not subject to federal habeas review under *Stone v. Powell*, 428 U.S. 465 (1976). Response, pp. 6-7. For the following reasons, the undersigned agrees and recommends the denial of habeas relief for Ground One.

Under *Stone v. Powell*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment[5] claim, a state prisoner may not be granted habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 496. That opportunity may exist either in the state district or appellate courts. *See Webster v. Attorney General of the State of Oklahoma*, 213 Fed. Appx. 664, 667 (10th Cir. 2007) (citing *Stone*, 428 U.S. at 494 n.37).

Here, Petitioner was given an opportunity for full and fair consideration of his motions to suppress prior to trial, at trial, and on appeal. At the preliminary hearing, defense counsel orally moved to suppress the evidence, challenging Officer Miller's testimony regarding the speed limit and arguing that the officer lacked probable cause to make the traffic stop. *See* Prelim. Hr'g Tr., pp. 42-44, 52. The court denied the motion to suppress, finding "sufficient probable cause for the stop." *Id.*, p. 54.

---

[5]Rather than invoke the Fourth Amendment, Petitioner's claim implies a due process violation through denial of a "fair trial." Amended Petition, p. 6. Nevertheless, the claim involving the use of evidence from an illegal seizure implicates the Fourth Amendment as a matter of law. *See Washington v. State*, No. 97-6272, 1998 WL 327866, at *2 (10th Cir. June 18, 1998) (unpublished op.) (rejecting petitioner's attempt to avoid *Stone* by couching his claim concerning illegally obtained evidence as one involving a deprivation of due process); *see also Dufries v. Province*, No. CIV-09-177-HE, 2010 WL 6649766, at *3-4 (W.D. Okla. Sept. 23, 2010) (unpublished op.) (analyzing petitioner's claim that evidence should have been suppressed where officer lacked reasonable suspicion to continue traffic stop after issuing citation under the Fourth Amendment and *Stone*), *adopted*, 2011 WL 1877986 (W.D. Okla. May 17, 2011) (unpublished op.).

Thereafter, defense counsel filed a formal motion to suppress. *See* O.R., p. 91. The court held a hearing and accepted additional evidence. *See* T. Tr., pp. 8-24. At the conclusion, Petitioner's attorney again argued that Officer Miller lacked probable cause to make the traffic stop, and the judge again overruled the motion to suppress. *See id.*, pp. 20-24.

On direct appeal, Petitioner again attacked the introduction of the evidence. There, he argued not only that Officer Miller lacked probable cause to make the traffic stop, but also that the officer lacked reasonable suspicion to return to the vehicle to speak to the occupants or continue Petitioner's detention after issuing the warning citation.[6] *See* Response, Ex. 1, pp. 7-11. The OCCA rejected the arguments, holding that "evidence supported the trial court's factual finding that Crowder was speeding when the deputy saw him; [thus] the trial court did not err in denying Crowder's motion to suppress the evidence." *Id.*, Ex. 3, p. 2. In a footnote, the OCCA continued:

> Crowder did not challenge his detention or the subsequent search below, and we review for plain errO.R. A driver's nervous behavior may contribute to reasonable suspicion if other suspicious circumstances are present. The deputy testified that he suspected Crowder was involved in some criminal activity because he was unusually nervous under the circumstances and his stories didn't add up. Given this combination of circumstances the deputy was justified in taking a moment to talk to Crowder's passengers. This conversation in turn led to the deputy's probable cause to search the vehicle.

---

[6]Defense counsel alluded to this defense at the hearing on the formal motion to suppress, suggesting that once Petitioner was issued a citation it should have "ended the contact." T. Tr., pp. 22-23. But when the court pressed, the attorney agreed that he was really only addressing the initial lack of probable cause. *See id.*, pp. 20, 23. Regardless, Petitioner was able to fully and fairly litigate both defenses on direct appeal, and that is sufficient. *See supra* p. 6.

There was no plain errO.R.[7]

Response, Ex. 3, p. 2, n.1.

Thus, the record clearly shows that Petitioner has had a full and fair opportunity to litigate his Fourth Amendment arguments in state court. Petitioner's claim regarding the trial court's refusal to suppress the evidence is therefore barred from consideration in this § 2254 proceeding. *See Stone*, 428 U.S. at 494-95; *see also Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999) (affirming denial of federal habeas relief based on alleged Fourth Amendment violations pursuant to *Stone* where petitioner had moved to suppress the evidence resulting from an alleged unlawful seizure, objected to the admission of this evidence at trial, and presented the issue to the OCCA on direct appeal); *Barber v. Jones*, 279 Fed. Appx. 710, 713-14 (10th Cir. 2008) (noting that the court was barred from considering a habeas petitioner's Fourth Amendment claims because the petitioner had extensively litigated the claim in state court at the pretrial, trial, and direct appeal stages). Accordingly, the undersigned recommends that habeas relief be denied on Ground One.

---

[7]Although the OCCA reviewed the second defense under a "plain error" standard, it nevertheless constituted a "full and fair opportunity" for purposes of *Stone*. *See Brantley v. Sirmons*, No. CIV-08-566-F, 2009 WL 203954, at *16 (W.D. Okla. Jan. 26, 2009) (unpublished op.) (finding that although attorney had failed to make illegal seizure argument in the trial court, the OCCA's review for "plain error" constituted a "full and fair opportunity to have [petitioner's] Fourth Amendment claims heard on direct appeal), *appeal dismissed*, 342 Fed. Appx. 384 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1520 (2010); *see also Phillips v. Sirmons*, No. CIV-01-45-JHP, 2008 WL 1701093, at *35 (E.D. Okla. APrelim. Hr'g Tr. 9, 2008) (unpublished op.) ("[W]hile the Oklahoma court reviewed the claim for plain error, it also reviewed the claim on the merits . . . . [Thus] Petitioner has a full and fair opportunity to litigate his Fourth Amendment claims in the state courts."), *reversed and remanded on other grounds*, *Phillips v. Workman*, 604 F.3d 1202 (10th Cir. 2010).

## II. Ground Two - Alleged Ineffectiveness of Counsel at the Preliminary Hearing

In Ground Two, Petitioner alleges that he was denied effective representation at preliminary hearing because his attorney represented co-defendants with "mutually antagonistic defenses." Amended Petition, p. 8. The undersigned recommends denial of this claim.

"Whether multiple representation in a particular case gave rise to a conflict of interest presents a mixed question of law and fact." *Edens v. Hannigan*, 87 F.3d 1109, 1113 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)). Because Petitioner made no objection at trial to the multiple representation,[8] the factual question is "whether an actual conflict existed" which affected the attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."). "An 'actual conflict of interest' cannot be demonstrated merely by 'the possibility for conflict,' nor may it be demonstrated by 'the mere appearance of impropriety.'" *Hammon v. Ward*, 466 F.3d 919, 929 (10th Cir. 2006) (citations omitted). "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692.[9] On this issue, the

---

[8]*See* Prelim. Hr'g Tr., *passim*.

[9]The Tenth Circuit has explained that the right to conflict-free counsel, "though conceptually related, is separate and district from the right to effective performance of counsel that is analyzed

(continued...)

9

OCCA's finding of fact is presumed to be correct and entitled to deference.  *Edens*, 87 F.3d at 1114.

Petitioner raised this claim on direct appeal, and the OCCA concluded that Petitioner "failed to show any actual conflict of interest in counsel's representation at preliminary hearing of all three co-defendants."  Response, Ex. 3, p. 2.  The undersigned presumes that this factual finding is correct, and Petitioner has failed to overcome that presumption with clear and convincing evidence.  *See supra* p. 5.

For example, instead of pointing to any actual conflicts at preliminary hearing, Petitioner focuses only on his perception that the defenses at *trial* would be in conflict.  *See* Amended Petition, p. 30 (arguing that Petitioner became aware after preliminary hearing that the co-defendants' defense would be to blame Petitioner for the arrest, and stating that based on this "fast encroaching conflict of interest" Petitioner obtained new counsel for the trial). Further, the record demonstrates that at preliminary hearing, defense counsel focused on attacking the sufficiency of the traffic stop and collection of evidence, a strategy that would have been beneficial to all of the defendants.  *See* Prelim. Hr'g Tr., *passim*.  The attorney did occasionally challenge the evidence against the co-defendants, but never in a manner that implicated Petitioner.  *See* Prelim. Hr'g Tr., pp. 27, 38-39.

In short, Petitioner has failed to come forth with any evidence of an actual conflict at

---

[9](...continued)
under the two-pronged *Strickland* test, and is governed by different standards."  *Deiterman v. Kansas*, 291 Fed. Appx. 153, 161 (10th Cir. 2008).

the preliminary hearing, and the record does not support any such finding. Under such circumstances, the OCCA's rejection of the claim was reasonable, and the undersigned recommends denial of Ground Two.

## III.  Ground Three:  Alleged Insufficiency of the Evidence for Count II

Petitioner alleges in Ground Three that there is insufficient evidence to support the conviction in Count II. Amended Petition, p. 9. Specifically, Petitioner argues that there is insufficient evidence "of a nexus or connection between the controlled dangerous substance count and possession of a firearm." *Id.* The undersigned concludes that habeas relief is not warranted on this claim.

On habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* In applying this standard, the Court "may not weigh conflicting evidence nor consider the credibility of witnesses," but must "'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'" *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (citation omitted)). Both direct and circumstantial evidence is considered in determining whether evidence is sufficient to support a conviction. *Lucero v. Kerby*, 133 F.3d 1299, 1312 (10th Cir. 1998).

On direct appeal, the OCCA rejected Petitioner's claim of insufficient evidence,

finding "that a sufficient nexus existed between Crowder's possession of marijuana with intent to distribute and possession of the firearm, and, taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Crowder possessed the firearm." Response, Ex. 3, pp. 2-3. Because the OCCA applied the *Jackson* standard,[10] this Court's task is limited to inquiring whether the OCCA's decision applying that standard was reasonable. *See Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008).

To obtain a conviction for possession of a firearm during the commission of a felony under Oklahoma law, the State had to prove that Petitioner: (1) knowingly, (2) willfully, (3) possessed, (4) a pistol, (5) while (6) possessing marijuana with intent to distribute, and (7) that the possession of the weapon was connected to the possession of the marijuana with intent to distribute. *See* Okla. Stat. tit. 21 § 1287; OUJI-CR 6-38.

Petitioner challenges the seventh factor, arguing a lack of connection between the possession of the pistol and the possession of the marijuana with intent to distribute. Amended Petition, p. 9. For that element, the jury could consider whether:

"1) the weapon was used to actually facilitate the commission of the felony; 2) the weapon was possessed or strategically located for use during the commission of the felony; 3) the weapon was intended to be used if a contingency arose or to make an escape; and 4) the weapon was to be used

---

[10]The OCCA did not cite *Jackson*, instead relying on state law. *See* Response, Ex. 3, p. 3, n. 4. Nevertheless, the appellate court applied the correct analogous standard. *See Turrentine v. Mullin*, 390 F.3d 1181, 1203 (10th Cir. 2004) ("Although the OCCA did not directly cite *Jackson*, it applied an analogous state standard . . . ; [w]e therefore ask whether the OCCA's decision was contrary to or involved an unreasonable application of *Jackson*, or whether it was based on an unreasonable determination of the facts in light of the evidence presented.").

either offensively or defensively in a manner which would constitute a threat of harm."

OUJI-CR 6-38.

As the OCCA noted, the testimony at trial established that Petitioner admitted[11] that he and his co-defendant had "brought the firearm for protection." *Supra* p. 4.[12] Viewing this admission in a light most favorable to the State, a reasonable juror could infer that the firearm was being used to protect Petitioner during his intended distribution of the marijuana. Accordingly, the OCCA did not act unreasonably when it concluded that Petitioner's claim was meritless under *Jackson*. For that reason, the undersigned recommends that Ground Three be denied.

## IV. Ground Four: Alleged Ineffectiveness of Appellate Counsel

In Ground Four, Petitioner alleges ineffective assistance of appellate counsel on two grounds. First, he alleges an "actual conflict of interest." Amended Petition, p. 11. Second, Petitioner argues that appellate counsel should have raised multiple claims of ineffective

---

[11]Petitioner points out that the *Miranda* waiver that he signed before speaking to Officer Richards was "not fully completed" as it was missing information regarding "the time the waiver was signed." Amended Petition, p. 27. Petitioner also states that "[w]e have only the testimony of Deputy Richards that the Petitioner signed the waiver prior to making his statements." *Id.* However, Petitioner never disputes that he did in fact sign the *Miranda* waiver before speaking with Officer Richards, and he does not independently challenge the admission of his statements.

[12]Petitioner made this admission to Officer Richards, who testified accordingly at trial. *See supra* pp. 3-4. In his Reply, Petitioner submits newspaper articles stating that Officer Richards has since been terminated from the police department and indicted for perjury stemming from an unrelated case. *See* Reply, Ex. 1-5. Petitioner argues that this undermines Officer Richards' credibility. *See id.*, pp. 2-5. However, Petitioner did not raise this claim in his Amended Petition, and it is not ripe for consideration. *See supra* p. 2, n.2. Moreover, in a insufficiency of the evidence analysis, the Court may not make credibility determinations. *See supra* p. 11.

assistance of trial counsel.  *Id.*  The undersigned recommends denial of both claims.

### A.  <u>Actual Conflict of Interest</u>

For his conflict of interest claim, Petitioner relies solely on the legal partnership between his trial and appellate attorneys, arguing that the attorneys "share financial responsibilities" which prohibited his appellate attorney from raising claims that trial counsel was ineffective.  Amended Petition, pp. 30-32.  As noted above, Petitioner must show both an "actual conflict of interest" and that the "actual conflict of interest adversely affected his lawyer's performance."  *Supra* pp. 9-10; *see also Burger v. Kemp*, 483 U.S. 776, 779 (1987) (reiterating that for a claim of ineffective assistance of counsel based on a conflict of interest, petitioner must demonstrate "that his attorney actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance" (citations and internal quotations omitted)).

Petitioner raised this claim in the state appellate court, and the OCCA rejected it. According to the state court, "[b]ecause Petitioner is unable to show the existence of any viable claim of ineffective assistance of trial counsel, he cannot show his appellate counsel labored under a conflict of interest that resulted in omission of viable ineffective-assistance-of-trial-counsel arguments in his direct appeal."  Response, Ex. 4, p. 5.  In light of the OCCA's finding, it would be "inappropriate, and factually unsupportable, for [this] Court to speculate that the drafting of a brief on appeal was tainted by [the] lawyer's improper motive."  *Burger*, 483 U.S. at 785.

In *Burger*, the defendant argued that his appellate attorney had failed to raise certain

defenses, in part because the trial and appellate attorneys were law partners. *Id.*, at 784. The Supreme Court rejected the claim, stating that:

> [D]etermining that there was an actual conflict of interest requires the attribution of [the attorney's] motivation for not making the "lesser culpability" argument to the fact that his partner was [the co-defendant's] lawyer, or to the further fact that he assisted his partner in that representation.

*Id.*, at 784-85. But that attribution had been rejected by the state court. *See id.*, at 785. Consequently, the Supreme Court held:

> [W]hen the lower courts have found that a lawyer has performed his or her solemn duties in such a case at or above the lower boundary of professional competence, both respect for the bar and deference to the shared conclusion of [the] reviewing courts prevent us from substituting speculation for their considered opinions.

*Id.*

Based on *Burger*, the undersigned gives deference to the OCCA's determination that appellate counsel's failure to raise ineffective assistance of trial counsel claims on direct appeal was the result of the claims lacking any merit - not an actual conflict of interest. To do otherwise would require inappropriate speculation as to appellate counsel's motives. Consequently, the undersigned finds that Petitioner has failed to demonstrate an actual conflict of interest or any adverse effect for purposes of habeas corpus relief.

### B. Alleged Failure to Raise Meritorious Claims on Appeal

In a related argument, Petitioner asserts that his appellate attorney was constitutionally ineffective for failing to raise the ineffective trial counsel claims. Amended Petition, pp. 9, 31. The undersigned recommends denial of this claim.

Under *Strickland*, in order to establish that counsel was ineffective, a habeas petitioner must show that (1) counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. *See Strickland*, 466 at 688, 692. Prejudice is shown if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, the OCCA addressed the relevant ineffective assistance of trial counsel claims on the merits and found them insufficient. *See* Response, Ex. 4, pp. 2-5. Based on the lack of a meritorious underlying claim, the OCCA held that appellate counsel was not constitutionally ineffective. *See id.*, Ex. 4, p. 5; *see also supra* p. 14. Because the OCCA has announced that the outcome of the direct appeal would have been no different even if appellate counsel had raised the ineffective assistance of trial counsel claims, there can be no prejudice. *See, e.g., Flippo v. Jones*, 2010 WL 1224240, Westlaw op. at 1, 9 (W.D. Okla. Feb. 4, 2010) (finding that given the OCCA's rejection of the claims, "Petitioner has . . . failed to demonstrate a reasonable probability that the result of his direct appeal would have been different had his appellate counsel raised a claim of ineffective assistance of trial counsel . . . ."), *certificate of appealability denied*, 392 Fed. Appx. 652 (10th Cir. Aug. 20, 2010). Consequently, the undersigned finds that the OCCA's rejection of the ineffective assistance of appellate claim was reasonable, and this claim for habeas relief should be denied.

## V. Grounds Five, Six and Seven: Alleged Ineffectiveness of Trial Counsel

In his final three claims, Petitioner alleges ineffective assistance of trial counsel based

on the attorney's alleged failure to: (1) investigate the "facts" or the admissibility of the prior convictions (Ground Five); (2) move to suppress the evidence (Ground Six); and (3) object to the trial court's lack of instruction regarding the procedures to safeguard the jurors' notes during court recesses. *Id.*, pp. 13-17. Based on the following reasons, the undersigned recommends denial of these three claims.

### A. Ground Five: Alleged Failure to Investigate

According to Petitioner, his trial attorney "failed to conduct any investigation [into] the facts in the instant case" or into the admissibility of his prior convictions. Amended Petition, pp. 9, 32-36.

The first allegation was not raised in the state court, and the undersigned recommends that it be denied based on an independent review. *See supra* p. 5. Petitioner has provided no information concerning what an investigation into the "facts" would have uncovered, and such a conclusory claim cannot justify habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1023 n.2 (10th Cir. 2001) (rejecting habeas allegations because they were "conclusory" (citation omitted)); *see also United States v. Blanca-Leon*, 317 Fed. Appx. 836, 838 (10th Cir. 2009) ("Conclusory assertions are insufficient to establish ineffective assistance of counsel." (citation omitted)).

Petitioner's second allegation is no more successful. According to Petitioner, had his trial attorney investigated the prior convictions, counsel would have discovered that Petitioner was "abandoned" during the appeal stage. According to Petitioner, this discovery should have made trial counsel realize that the convictions were inadmissible, and as a result,

Petitioner should not have been advised against testifying. *See* Amended Petition, pp. 9, 32-36.[13]

On post-conviction, the trial court rejected this claim, holding that:

> Petitioner does nothing more than assert a claim without any indication of any substance to his implication that his prior felony convictions are subject to challenge. Petitioner's claim that trial counsel's failure to investigate, object to or seek to suppress any prior convictions . . . is neither deficient performance nor unreasonable under prevailing professional standards.

O.R., p. 84. On appeal, the OCCA affirmed, explaining:

> Petitioner presented no records to the District Court concerning his Texas convictions. Additionally, Petitioner cited no authority demonstrating that under Texas law there is any right or procedure for withdrawing a plea of nolo contendere once judgment is entered. . . . The District Court's finding that Petitioner lacked any substantive proof that his priors were infirm adequately address the arguments in Petitioner's brief.

Response, Ex. 4, p. 3.

Petitioner has presented no evidence or argument to demonstrate that the OCCA's rejection of this claim was unreasonable. Indeed, Petitioner yet again presents no evidence that his Texas convictions were in fact infirm. This alone is fatal to Petitioner's claim. *See e.g., Cummings v. Sirmons*, 506 F.3d 1211, 1229 (10th Cir. 2007) (holding that petitioner failed to satisfy either prong of *Strickland* where he provided no evidence to support his theory of ineffective assistance of counsel).

---

[13]Petitioner also suggests that the prior convictions could not be used to enhance his sentences. Amended Petition, p. 13. But the convictions were not used for that purpose. *See* O.R., pp. 103-104 (copy of Judgment and Sentence, reflecting the lack of enhanced sentences). Indeed, because Petitioner chose not to testify, the convictions were never introduced at trial. *See* T. Tr., *passim*.

Moreover, Petitioner does not demonstrate that trial counsel had any reason to suspect that investigation was necessary. That is, trial counsel need only make "reasonable" investigations, and whether a decision not to investigate was "reasonable 'may be determined or substantially influenced by the defendant's own statements or actions.'" *Romero v. Tansy*, 46 F.3d 1024, 1030 (10th Cir. 1995) (citing *Strickland*, 466 U.S. at 691). Petitioner states that he and counsel discussed the potential use of the prior convictions, but Petitioner does not suggest that he in any way put trial counsel on notice that those convictions had been questionable. In such circumstances, Petitioner has not demonstrated that trial counsel was constitutionally ineffective for failing to investigate these out-of-state convictions.

## B. Ground Six: Alleged Failure to Move to Suppress the Evidence

In his Sixth Ground for relief, Petitioner alleges that trial counsel was ineffective for failing to "make objections and file necessary motions to suppress all the evidence." Amended Petition, p. 15. Liberally construed, the amended petition suggests that trial counsel was ineffective for failing to raise a suppression argument independent of the arguments made by the preliminary hearing attorney. *See id.*, pp. 36-37. But this allegation is meritless as a matter of fact and law.[14]

As a matter of fact, Petitioner's trial attorney did object to the introduction of the evidence and made an oral motion to suppress the evidence. *See* T. Tr., pp. 29-30. Thus, the undersigned concludes that Petitioner has failed to demonstrate that his trial attorney's action

---

[14]The OCCA affirmed the denial of this claim as res judicata. *See* Response, Ex. 4, p. 3. This Court may independently reject the claim on habeas review. *See supra* p. 5.

in this area was constitutionally defective.

As a matter of law, Petitioner has wholly failed to demonstrate how he was prejudiced by the trial attorney's adherence to the prior counsel's suppression arguments. Petitioner suggests that trial counsel should have focused not only on the lack of probable cause for the stop, but also on the fact that the officer had already issued a citation when he decided to continue the detention. *See* Amended Petition, p. 36. However, the OCCA rejected this defense on direct appeal. *See supra* pp. 7-8. Because the state's highest appellate court has held that the evidence was lawfully introduced under either theory, there is not a reasonable probability that the trial court would have ruled any differently even if trial counsel had urged both theories. *See, e.g., Miller v. Mullin*, 354 F.3d 1288, 1299 (10th Cir. 2004) (holding that where state appellate court has already upheld the admission of evidence, petitioner cannot show he was prejudiced by trial counsel's failure to object). Lacking a showing of prejudice, the claim is meritless, and the undersigned would recommend denial of Ground Six.

**C. Ground Seven: Failure to Object to the Trial Court's Lack of Instruction Regarding the Procedures to Safeguard the Jurors' Notes During Court Recesses**

Petitioner suggests in a somewhat convoluted claim in Ground Seven, that the trial court had a duty to instruct the jurors regarding the procedures used to safeguard their notes during the court's recesses and/or to actually ensure that the notebooks were safeguarded. *See* Amended Petition, pp. 17, 37-39. Petitioner states that it is immaterial whether the notebooks were actually read or tampered, because the jurors "felt intimidated due to the lack

of specific procedures" and "did not take trial notes out of fear for personal safety." *Id.*, p. 38. Petitioner lays this alleged error at the feet of his attorney, complaining that counsel should have objected. *Id.*, pp. 17, 38.

The trial court rejected this claim on post-conviction, finding Petitioner's assertions to be "nothing more than supposition without any substance." O.R., p. 85. The OCCA affirmed, finding that the "record . . . is wholly devoid of any proof that this practice [of leaving the notebooks in the juror's chairs] resulted in any tampering or other improprieties . . . or otherwise caused any prejudice to Petitioner." Response, Ex. 4, pp. 4-5. This conclusion was reasonable.

The relevant question on habeas review is whether an objection by trial counsel regarding the trial court's failure to inform the jurors about procedures to safeguard their notes, or failure to actually implicate safeguards, would have likely resulted in a different outcome at trial. *See supra* p. 16. Petitioner's speculation that the notebooks may have been tampered with, or that jurors may have felt too intimidated to take notes, is just that - speculation. Without any evidence to support his speculative theory, Petitioner cannot establish ineffective assistance of counsel. *See Cummings*, 506 F.3d at 1229 (rejecting a claim of ineffective assistance of counsel where petitioner's theory "amounted to little more than speculation"). Thus, is it the undersigned's recommendation that Petitioner's claims in Ground Seven be denied.

## <u>RECOMMENDATION</u>

Based upon the foregoing analysis, it is recommended that the Petition for a Writ of

Habeas Corpus be denied.

Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 20th day of September, 2011. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of August, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE