IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CLAYTON SCOTT CROWDER,              )
                                   )
                Petitioner,        )
                                   )
v.                                 )     Case No. CIV-10-550-D
                                   )
JUSTIN JONES,[1]                   )
                                   )
                Respondent.        )

# O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc.
No. 16] issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C.
§ 636(b)(1)(B) and (C).  Petitioner has timely objected to the Report, which recommends the
denial of his Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  The
Court must make a *de novo* determination of any portion of the Report to which a specific
objection is made, and may accept, modify, or reject the recommended decision in whole or
in part.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus with respect
to convictions of unlawful possession of a controlled drug with intent to distribute and
possession of a firearm during the commission of a felony, which resulted in consecutive
prison sentences totaling 25 years.  The Oklahoma Court of Criminal Appeals (OCCA)
affirmed his convictions and sentences, as well as a denial of his application for post-

---

[1] The Court adopts the substitution of parties effected by Judge Roberts and adopted by Petitioner.

conviction relief.  In the Report, Judge Roberts conducts a thorough analysis of the issues and concludes that the Amended Petition should be denied.  Judge Roberts finds that Petitioner's claim alleging a Fourth Amendment violation is barred from consideration, that a claim of ineffective assistance of trial counsel lacks merit, and, with regard to all other claims raised in the Amended Petition, that Petitioner has failed to show the OCCA reached a result that was contrary to, or an unreasonable application of, clearly established federal law.

In his Objection, Petitioner challenges the recommended denial of relief only with respect to his Fourth Amendment claim.  He also objects to Judge Roberts' failure to consider a belated issue raised in Petitioner's reply brief based on new information about a law enforcement officer involved in his case, Rodney Richards.  Apart from these two objections,[2] Petitioner has waived further review of all other issues addressed in the Report. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon *de novo* consideration of the issues raised by the Objection, the Court finds that Judge Roberts' analysis is correct.  Petitioner reargues the merits of his first ground for relief, that evidence obtained in violation of the Fourth Amendment was used to convict him.  However, Judge Roberts properly determined that this claim is barred from consideration

---

[2] Petitioner also objects to Judge Roberts' alleged view of his pleadings like those of an attorney, invoking the protections of *Haines v. Kerner*, 404 U.S. 519 (1972), and *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  He does not identify any particular pleading that has been denied a liberal construction, and thus, this objection fails to raise any specific issue for determination by the Court.

under *Stone v. Powell*, 428 U.S. 465 (1976), which precludes federal relief when the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim. Petitioner ignores Judge Roberts' conclusion that the rule of *Stone* applies. Thus, the Court finds that Petitioner presents no issue for decision by the Court regarding his first ground for relief.

Concerning Officer Richards, Petitioner argued for the first time in his reply brief, and presented exhibits to show, that new information about Officer Richards drew into question the veracity of his testimony, which was critical to the state's case. This information consists of reports that Officer Richards was terminated as a police officer and indicted on charges of perjury in 2010 based on allegations of misconduct raised in 2009. Petitioner's offenses and arrest occurred in 2007; he was sentenced in 2008, and his direct appeal was decided the same year. Because this new information was not available before Petitioner's criminal judgment became final, it is unclear how it relates to the claims asserted in the Amended Petition. As noted by Judge Roberts, to the extent Petitioner argues that similar information might have undermined Officer Richards' credibility, the credibility of witnesses has no bearing on Petitioner's claim for relief based on the sufficiency of evidence. *See* Report [Doc. No. 16] at 13, n.12; *see also Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996). Because the new information in Petitioner's reply brief did not affect the determination of any claim raised in the Amended Petition, the Court finds no error in Judge Roberts' failure to consider it.[3]

---

[3] In his Objection, Petitioner seems to raise a new argument that his trial counsel was ineffective for failing to investigate Officer Richards' credibility and to uncover similar information that might have affected

(continued...)

In short, the Court finds no merit in Petitioner's Objection, and cannot add significantly to Judge Roberts' discussion of the issues. Therefore, the Court adopts the Report and Recommendation in its entirety as though fully set forth herein.

IT IS THEREFORE ORDERED that the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is denied. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 20th day of October, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3](...continued)

counsel's advice and Petitioner's decision about whether to testify. However, the Court declines to consider new matter raised in opposition to the magistrate's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").